Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
| Plaintiff, | **COMPLAINT—Title VII** • **Retaliation** |
| vs. | **(42 U.S.C. §§2000e, et seq.)** |
| ALOHA AUTO GROUP, LTD and Does 1-5 Inclusive, | **JURY TRIAL DEMAND** |
| Defendant(s). | |

1

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct retaliatory practices and to provide appropriate relief to Daniel Young ("Charging Party"). As set forth with greater particularity in paragraphs 15 to 22 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ( "Plaintiff" or "Commission") alleges that Defendant Aloha Auto Group, Ltd ( "Defendant" or "Aloha Auto") and Does 1-5 (collectively referred to herein as "Defendants"), are liable for unlawfully discharging Charging Party in retaliation for his opposition to unlawful employment practices, in violation of § 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

4.      The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.      At all relevant times, Defendant Aloha Auto has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

6.      At all relevant times, Defendant Aloha Auto has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7.      All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the

unlawful acts and omissions by the other Defendants complained of herein.
Whenever and wherever reference is made in this Complaint to any act by a
Defendant or Defendants, such allegations and reference shall also be deemed to
mean the acts and failures to act of each Defendant acting individually, jointly,
and/or severally.

8.     Plaintiff is ignorant of the true names and capacities of each
Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said
defendant(s) by fictitious names.  Plaintiff reserves the right to amend the
Complaint to name each Doe defendant individually or collectively as they become
known.  Plaintiff alleges that each Doe defendant was in some manner responsible
for the acts and omissions alleged herein and Plaintiff will amend the Complaint to
allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Charging
Party filed a charge of discrimination with the Commission alleging violations of
Title VII by Defendant.

10.     On July 14, 2016, the Commission issued to Defendant a Letter of
Determination finding reasonable cause to believe that Defendant had violated
Title VII and inviting Defendant to join with the Commission in informal methods
of conciliation to endeavor to eliminate the discriminatory practices and provide

4

appropriate relief.

11.    The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.    The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendant a conciliation agreement acceptable to the Commission.

13.    On September 8, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

14.    All conditions precedent to the institution of this lawsuit have been fulfilled.

15.    Since at least 2014, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Charging Party in retaliation over his protected activity.

16.    On or about October 1, 2013, Charging Party was hired by Defendant to work in the sales and rentals departments of its Kauai Harley-Davidson dealership.

17.    On or about March of 2014, Defendant hired Bill Hill as the General Manager of its Kauai Harley-Davidson dealership.

18.    On or about October 15, 2014, Bill Hill spoke with several Asian

5

American Pacific Islander employees of the Service Department at the dealership. During this meeting, Hill made comments to the effect that the Asian American Pacific Islander culture was so laid back that these employees had no drive or ambition to work or to get things done.

19.    The three employees who were subjected to Hill's comments later told Charging Party about what Hill said and how they felt they have been racially discriminated.

20.    Charging Party advised the three employees that they could file a complaint with the Human Resources Department or the EEOC over the racially discriminatory comments.

21.    Defendant later discovered that Charging Party had talked to those employees about filing hostile work environment complaints.

22.    Defendant made the decision to terminate Charging Party on November 28, 2014, wherein it stated in its termination notice the following: "Employee has also made efforts to undermine the management of the operation, including making efforts to get other employees to file hostile work environment claims with the state."

23.    The effect of the practices complained as described in paragraphs 15 to 22 has been to deprive Charging Party of equal employment opportunities.

24.    The unlawful employment practices complained of in paragraphs 15

to 22 above were intentional and caused Charging Party to suffer emotional distress.

25.    The unlawful employment practices complained of in paragraphs 15 to 22 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices that retaliate against employees for engaging in protected activities;

B.    Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of § 704(a) of Title VII;

C.    Order Defendants to make Charging Party whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.    Order Defendants to make Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful

7

employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

      E.    Order each Defendant to pay Charging Party punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

      F.    Award the Commission its costs of this action; and

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

///

///

///

///

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.


Dated: September 22, 2016                Respectfully Submitted

                                         P. DAVID LOPEZ,
                                         General Counsel

                                         JAMES LEE,
                                         Deputy General Counsel

                                         GWENDOLYN YOUNG REAMS,
                                         Associate General Counsel

                                         U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         131 "M" Street, N.E.
                                         Washington, D.C. 20507

                                         By:
                                             ANNA Y. PARK,
                                             Regional Attorney

                                         SUE J. NOH,
                                         Supervisory Trial Attorney

                                         RUMDUOL VUONG,
                                         Supervisory Trial Attorney


                                         U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION