Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

LYNNE T. T. TOYOFUKU  4958
Marr Jones & Wang, LLP
1003 Bishop Street, Suite 1500
Honolulu, Hawaii  96813
Telephone:  (808) 536-4900
Facsimile:  (808) 536-6700
Email:  ltoyofuku@marrjones.com
Attorney for Defendant
ALOHA AUTO GROUP, LTD

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } | Case No.: CV-16-00521-KSC |
|---|---|---|

1



Plaintiff,

v.

ALOHA AUTO GROUP, LTD. and
Does 1-5 Inclusive,

Defendant(s).

) **CONSENT DECREE;**
) **ORDER**
)
)
) The Honorable Kevin S. C. Chang
) United States Magistrate Judge
)
)
)
)
)
)

**I.**

**<u>INTRODUCTION</u>**

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC")
and Defendant Aloha Auto Group, Ltd. ("Defendant Aloha Auto") hereby stipulate
and agree to entry of this Consent Decree (the "Decree") to fully and finally
resolve Plaintiff's complaint against Defendant in <u>U.S. Equal Employment</u>
<u>Opportunity Commission v. Aloha Auto Group, Ltd. and Does 1-5, inclusive</u>; Civil
No. 16-00521 KSC (the "Action").

On September 23, 2016, Plaintiff filed this Action in the United States
District Court, District of Hawaii, for alleged violation of Title VII of the Civil
Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). The
Action alleged that Defendant Aloha Auto retaliated against Charging Party, Mr.
Daniel Young, by terminating him for advising fellow employees of their right to
complain about racial harassment.

Defendant Aloha Auto denies any liability for the claims and allegations asserted against it in this Action. This Decree does not constitute an adjudication on the merits of the Action.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The Decree is made and entered into by and between the EEOC and Defendant Aloha Auto and shall be binding on and enforceable against Defendant Aloha Auto as well as  its officers, directors, agents, successors and assigns. Collectively, the EEOC and Defendant Aloha Auto, are referred to herein as the "Parties."

B.     The Parties have entered into this Decree for the following purposes:

1.     To provide appropriate monetary and injunctive relief in compromise of the claims asserted in the Action;

2.     To ensure employment practices in compliance with Title VII;

3.     To ensure a work environment free from retaliation;

4.     To ensure that Defendant Aloha Auto's employees, including but not limited to managers and supervisors and employees at Defendant Aloha Auto's Kauai Harley Davidson location, receive training on their obligations under Title VII;

5.      To ensure appropriate record keeping, reporting, and monitoring; and

6.      To avoid the time, expense, and uncertainty of further litigation.

## III.

## <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant Aloha Auto in this Action, as well as all issues, claims, and allegations raised in EEOC Charge No. 486-2015-00073.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant Aloha Auto's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate charges, other than the charge specifically referenced in Section III. A above, that may be in existence or may later arise against Defendant Aloha Auto in accordance with standard EEOC procedures.

# IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation, including claims that would have authorized the Court to grant equitable relief.   The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

# V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

# VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendant Aloha Auto has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant Aloha Auto and/or

its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant Aloha Auto breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendant Aloha Auto shall have sixty (60) days to attempt to resolve or cure any non-monetary breach and shall have thirty (30) days to attempt to resolve or cure any monetary breach.

B.      After sixty (60) days have passed with respect to any non-monetary breach or thirty (30) days have passed with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

## VIII.

## **<u>MONETARY RELIEF</u>**

A.      In settlement of this Action, Defendant Aloha Auto, will pay a total of $30,000, in monetary relief to Charging Party.  The EEOC has full and complete discretion under the terms of this Decree to determine the characterization of the payment as income, wages or otherwise, as hereinafter described in this Decree.

B.      Within thirty (30) days of the Effective Date, the EEOC will provide Defendant Aloha Auto with the characterization of the payment and Charging Party's current address. Within thirty (30) days of the EEOC providing Defendant Aloha Auto with the characterization of the payment and Charging Party's current address, it shall send a cashier's check or money order to the Charging Party via certified mail, return receipt requested.

C.      As appropriate, Defendant Aloha Auto agrees to issue an IRS Form W-2 to the Charging Party for all monies, if any, paid to him as lost wages.  As appropriate, Defendant Aloha Auto agrees to issue an IRS Form 1099 to the Charging Party for all monies, if any, paid to him as compensatory damages. Defendant Aloha Auto shall also make all appropriate reports to the Internal Revenue Service and other tax authorities.  Defendant Aloha Auto shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party.

D.      Within five (5) business days of the issuance of the settlement check or the issuance of tax reporting forms, Defendant Aloha Auto shall submit a copy of the check, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

# IX.

## **GENERAL INJUNCTIVE RELIEF**

A.     Retaliation:

Defendant Aloha Auto, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them shall not engage in, implement, or permit any action, policy, or practice that retaliates against any current or former employee of Defendant Aloha Auto, because he or she has in the past, or during the term of this Decree:

   1.     Opposed any practice made unlawful under Title VII;

   2.     Filed a charge of discrimination alleging such practice;

   3.     Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

   4.     Was identified as a possible witness or claimant in this Action;

   5.     Asserted any right under this Decree; or

   6.     Sought and/or received any relief in accordance with this Decree.

B.     Discrimination based on race:

Defendant Aloha Auto, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of

them shall not: (a) harass or tolerate harassment against persons on the basis of their race in the workplace and (b) engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of their race.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective date, Defendant Aloha Auto shall designate Michelle Mallory as an internal Equal Employment Opportunity Monitor ("Monitor") to monitor Defendant Aloha Auto's compliance with Title VII and the provisions of this Decree.  Defendant Aloha Auto shall bear all costs associated with the selection and retention of the Monitor and the performance of his or her duties.  The Monitor shall have demonstrated experience in equal employment opportunity law, including retaliation and racial harassment.  The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  In the event a replacement Monitor is required during the duration of the Decree, Defendant Aloha Auto shall notify the EEOC of the name of the interim Monitor within 30 days from the day the Monitor position becomes vacant.  Once a permanent replacement Monitor is designated, Defendant Aloha Auto shall, within 30 days of such designation, provide the EEOC with the name of the replacement

Monitor and the opportunity to assess the replacement Monitor's qualifications. The replacement Monitor shall possess the required experience for a Monitor as outlined in this paragraph, and shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  Defendant Aloha Auto agrees to follow the same process each time a replacement Monitor is required.  The Monitor's responsibilities shall include:

   1. Ensuring that Defendant Aloha Auto's procedures to handle complaints of discrimination and retaliation comply with its obligations under Title VII and this Decree;

   2. Reviewing and revising Defendant Aloha Auto's policies and procedures to effectively carry out its obligations under Title VII and this Decree;

   3. Ensuring that all employees are aware of their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of racial harassment and retaliation, through Defendant Aloha Auto's policies and training as provided under this Decree;

   4. Ensuring that all employees are aware of Defendant Aloha Auto's policies and procedures relating to discrimination and retaliation, through Defendant Aloha Auto's policies and training as provided under this Decree;

5.     Ensuring that Defendant Aloha Auto's investigations of all complaints of retaliation are in compliance with Title VII and that no retaliatory actions are taken against the complainant;

6.     Ensuring that Defendant Aloha Auto properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken;

7.     Ensuring that Defendant Aloha Auto's reports required by this Decree are accurately compiled and timely submitted;

8.     Ensuring that Defendant Aloha Auto's disciplinary policies hold managers accountable for failing to take appropriate action and for engaging in conduct prohibited under Title VII, and also ensuring that the same policies hold employees accountable for engaging in conduct prohibited under Title VII;

9.     Ensuring that Defendant Aloha Auto creates a centralized system of tracking discrimination and/or retaliation complaints as well as terminations and disciplinary actions to ensure such actions are not taken for retaliatory purposes;

10.     Preparing an annual report on Defendant Aloha Auto's compliance with the terms of this Decree, including a statement affirming that the Monitor has complied with his or her responsibilities as articulated herein; and

11.     Reviewing all terminations and disciplinary actions during the term of the Decree to ensure that such actions are not taken for retaliatory purposes.

B.     Policies and Procedures

Defendant Aloha Auto, shall review, and if necessary revise, then distribute, and implement its policies and procedures against discrimination and retaliation prohibited by Title VII (the "Policy"). The Policy shall include:

1.     A clear explanation of prohibited conduct, including an explanation that harassment and discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation is prohibited, with a particular emphasis that the company will not tolerate any incidents of harassment or retaliation;

2.     An Assurance that employees who make complaints of discrimination and/or retaliation or who provide information related to such complaints are protected against retaliation;

3.     A clearly described complaint process for discrimination and retaliation that provides accessible avenues of making a complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

4.     An assurance that Defendant Aloha Auto will protect the confidentiality of discrimination and/or retaliation complaints to the extent possible from being disclosed to those who do not need to know;

5.     A complaint process that provides a prompt, thorough, and impartial investigation;

6.     An instruction that supervisors and managers shall report to human resource personnel or appropriate management incidents of harassment, discrimination, or retaliation that they witness or are aware of;

7.     An assurance that Defendant Aloha Auto's disciplinary policies hold employees, managers and supervisors accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

8.     A procedure for communicating with the complainant in writing regarding the status of the complaint /investigation, results of the investigation, and if any remedial action was taken; and

9.     An Assurance that Defendant Aloha Auto will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation occurred.

Within thirty (30) days of the Effective Date of this Decree, Defendant Aloha Auto shall provide to the EEOC a copy of the Policy.  Within sixty (60) days of the Effective Date, Defendant Aloha Auto shall ensure that it has

distributed its Policy to each managerial and non-managerial employee. Distribution by electronic mail to employees with electronic mail accounts is acceptable. Within sixty-five (65) days of the Effective Date, Defendant Aloha Auto shall submit to the Commission a statement confirming distribution of the Policy.  For each new managerial or non-managerial employee hired, Defendant Aloha Auto shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

  C. <u>Training</u>

   1. Within one hundred twenty days (120) days of the Effective Date of this Decree, Defendant Aloha Auto shall provide live and interactive training of at least two hour duration to each employee at Aloha Auto who is in a managerial position or has managerial or supervisory functions.  The training shall cover the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days before this training, Defendant

Aloha Auto shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

       2.    Throughout the term of this Decree, Defendant Aloha Auto shall provide annual live and interactive training of at least one hour duration to each of its employees in a managerial position or has managerial or supervisory functions.  This training shall cover the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days of each training, Defendant Aloha Auto shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training. If no substantive changes have been made to the training materials since the last submission, Defendant Aloha Auto will not be required to submit new training materials within thirty (30) days of the annual training.  Defendant Aloha Auto shall submit an email or other written correspondence confirming that there are no new training materials.  Email submission of the training material is acceptable.

3.     Within one hundred twenty (120) days of the Effective Date of this Decree, Defendant Aloha Auto shall provide live and interactive training of at least one hour duration to all employees working at Defendant Aloha Auto's Harley Davidson store on Kauai covering the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days before each training, Defendant Aloha Auto shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

4.     Throughout the term of this Decree, Defendant Aloha Auto shall provide annual live and interactive training of at least one hour duration to all employees working at Defendant's Harley Davidson store on Kauai covering the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections

that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days of each initial and annual training, Defendant Aloha Auto shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

       5.    Verification

Within one hundred fifty (150) days of the Effective Date and annually thereafter, Defendant Aloha Auto shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

The EEOC shall have the right to observe the trainings described in Section X. C. 2 & 4 of the Decree.  Thirty (30) days prior to any training, Defendant Aloha Auto shall provide written notice to EEOC including the time, location, name and contact information of the trainer.  The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

D.     Record Keeping

Defendant Aloha Auto shall establish a record-keeping procedure that provides for the centralized tracking of Title VII discrimination and/or retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

1.     All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination and/or retaliation for the duration of the Decree and the identities of the parties involved;

2.     All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree;

3.     All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.     All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant Aloha Auto determined to have engaged in behavior that may amount to racial harassment or be retaliatory;

5.     All documents generated in connection with Defendant Aloha Auto's confidential follow-up inquiries into whether any complainant believes he or she has been racially harassed and/or retaliated against;

6.      All documents generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resource employees; and

7.      All documents generated in connection with disciplinary action or terminations.

Defendant Aloha Auto will make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

E.      Performance Evaluations

Defendant Aloha Auto shall take measures to hold its managers and supervisors accountable for not complying with discrimination and retaliation policies, including but not limited to an annual review of their accountability for compliance with Defendant Aloha Auto's Policy set forth herein.

F.      Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant Aloha Auto shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at all of Defendant Aloha Auto's facilities within the State of Hawaii during the term of this Decree.  The notice shall remain posted for the duration of the Decree.

G.     Reporting

Defendant Aloha Auto, through its internal monitor, shall provide the following reports annually throughout the term of this Decree beginning one year from the Decree's Effective date:

1.     A description of all racial harassment and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging racial harassment and/or retaliation, the nature of the racial harassment and/or retaliation, the names of the alleged perpetrators of the racial harassment and/or retaliation, the dates of the alleged racial harassment and/or retaliation, a brief summary of how each complaint was resolved, and the identity of the Defendant Aloha Auto employee(s) who investigated and/or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report;

2.     A confirmation that the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree;

3.     A summary report of Defendant Aloha Auto's investigation into any complaint alleging retaliation, including the name/title of the complaining party(ies), date of complaint, the name of the alleged retaliator, the name of the person conducting the investigation, how many witnesses interviewed and what

information reviewed, the outcome of the investigation and any action taken, if warranted, whether there have been any previous retaliation claims made against the alleged retaliator, and if so, inclusion of the outcome of the previous investigation as well as the monitoring done if there are multiple complaints made against the same person; and

      4.    A report detailing the performance evaluation measures undertaken to hold managers and supervisors accountable for not complying with discrimination and retaliation policies as described in subsection E above.

All reports under this Paragraph shall be directed to:  Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant Aloha Auto shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## <u>MISCELLANEOUS PROVISIONS</u>

A.      During the term of this Consent Decree, Defendant Aloha Auto shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

B.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

C.      The Parties agree to entry of this Decree subject to final approval of the proposed order by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: December 12, 2017                    _/s/ Anna Y. Park_____

                                    By: Anna Y. Park
                                    Attorneys for Plaintiff EEOC

23

MARR JONES & WANG LLP


Date:  December 7, 2017               _/s/ Lynne T. T. Toyofuku_____
                                   By:  Lynne T. T. Toyofuku
                                        Attorney for Defendant Aloha Auto



**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and

compliance with all provisions thereof is HEREBY ORDERED.


DATED:  Honolulu, Hawaii, January 9, 2018.




Kevin S.C. Chang
United States Magistrate Judge